IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-482-FL

| | | |
|---|---|---|
| BARBARA JANE PETTIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 20). Defendant has responded in opposition only as to the amount and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted, subject to the limitations set forth herein.

## BACKGROUND

Plaintiff commenced this action November 30, 2022, seeking judicial review of the denial of her application for disability benefits. On March 29, 2023, after the court allowed plaintiff to proceed in forma pauperis, plaintiff filed a motion for judgment on the pleadings. Defendant responded in opposition, and plaintiff replied. Thereafter, United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R"), wherein it was recommended that plaintiff's motion be allowed and the case remanded to defendant for further proceedings. Defendant did not file objections to the M&R, and the court adopted it upon clear error review February 29, 2024.

Thereafter, plaintiff filed the instant motion seeking $15,662.50 in attorney's fees, based upon 64.12 hours at an average hourly rate of $244.27.[1]  Plaintiff relies upon a memorandum in support, fee contract, time records, and affidavits of counsel George C. Piemonte ("Piemonte") and Michel Phillips ("Phillips").  Defendant responded in opposition, seeking a reduction to 32.06 hours and $7,831.25 in compensable fees, to which plaintiff replied.

## COURT'S DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Here, defendant concedes that plaintiff was the prevailing party, that defendant's position in the underlying litigation was not substantially justified, and that plaintiff's petition is timely. Defendant also does not context the hourly rate sought by counsel.  However, defendant argues the numbers of hours for which plaintiff seeks compensation is excessive and warrants reduction.

"The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,'" and "is charged with the duty to ensure that the final award is reasonable."  Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  Hensley v. Eckerhart, 461 U.S. 424, 433  (1983).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours

---

[1]  Plaintiff requests an hourly rate ranging from $234.95 (for time periods in 2022), to $244.95 (for time periods in 2023), to $249.16 (for time periods in 2024), adjusting the statutory maximum $125 per hour for cost of living increases based upon the consumer price index.

expended." Id. at 437. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id.

The "district court also should exclude from [a] fee calculation hours that were not reasonably expended." Id. at 434. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. Other relevant factors include the experience and skill of the attorneys, as well as the novelty and complexity of the issues presented, in comparison to other Social Security cases. See id.; Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986); see, e.g., Lewis v. Kijakazi, No. 7:21-CV-69-FL, 2022 WL 2128558, at *2 (E.D.N.C. May 26, 2022) (determining the number of hours claimed is "out of proportion to other cases of similar record size and complexity"). Likewise, the court must reduce compensable hours claimed if for paralegal tasks or clerical tasks normally performed by non-attorneys. See Hyatt, 315 F.3d at 255.

In addition, "[t]he extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees requested." Id. at 254 (citing Hensley, 461 U.S. at 440). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" Id. (quoting Hensley, 461 U.S. at 440)). "Where a lawsuit consists of related claims, [and] . . . where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. Moreover, "fairness and reasonableness dictate that the SSA may only be held liable for attorneys' fees and expenses fairly attributable to the unjustified positions taken by the SSA." Hyatt, 315 F.3d at 254.

3

The court now turns to application of these principles and guidelines to the fees claimed by plaintiff.

Defendant argues that the number of compensable hours should be reduced because plaintiff engaged in block billing, she seeks an award based upon duplicative and inefficient billing, and the amount of hours is not commensurate with the novelty and complexity of the issues involved. The court agrees with defendant in part.

With respect to block billing and duplicative entries, the documentation of hours by plaintiff is in some instances inadequate. For example, for March 1, 2023, plaintiff documents three separate entries that contain the "drafting brief" or working on the brief; but each of these entries also contains other tasks such as review of the ALJ decision and "analyzing medical evidence," without differentiating time spent on these tasks. (DE 21-2 at 1). Then for each of four subsequent days, there is an identical entry with a combination of tasks: "Continue drafting brief – analyzing medical evidence, making preliminary notes for potential legal arguments." (Id.). Finally, for one entry on March 7, 2023, there is a similar combination of tasks: "Continue drafting brief – review merit memo analysis, arguments of counsel below. Legal research. Prune non-viable legal arguments." (Id. at 2). These entries, together comprising a total of 31.6 hours, constitute a "'block billing' system (lumping tasks together in time entries rather than making such entries task-by-task)," warranting a percentage reduction because of inadequate documentation, McAfee v. Boczar, 738 F.3d 81, 90 (4th Cir. 2013) (noting ten percent reduction made by district court for block billing), and "hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

Plaintiff suggests that block billing is inevitable here because of the nature of reviewing the record and drafting. For example, plaintiff notes the process "requires that the brief be drafted

4

while reviewing the record, going back and forth to ensure that the facts support each point made and that no point is overstated by the record." (Pl's Reply (DE 26) at 2). But, plaintiff already has documented multiple entries for each date, in some instances, and it would thus be feasible for plaintiff to divide the entries by the total amount of time spent per task, even if those tasks are interspersed throughout the day. Indeed, plaintiff herself suggests that it is reasonable to consider the total amount of time spent reviewing the record separately from time spent writing the brief. See id. (arguing "it was reasonable for [plaintiff's] attorneys to spend about 19.4 hours reviewing the administrative record alone," with "the remaining hours spent writing" the briefs). Accordingly, a reduction for block billing is warranted. Given the extent of block billing over 31.6 hours, with multiple tasks for each entry, the court imposes a 15 percent reduction due to block billing (31.6 hours reduced by 4.74 hours to 26.86 hours).

After this point in the time records, entries generally are not blocked, comprising an additional 15.5 hours exclusively on drafting the opening brief, bringing the total amount of time spent by attorney Phillips on the opening brief to 42.36 hours. (DE 21-2 at 2). In considering the reasonableness of this amount of time spent on the opening brief, in addition to the block billing issue, the court undertakes a comparison to other Social Security cases taking into account the novelty and complexity of issues involved. Notably, 42.36 hours spent on the opening brief, alone, is at the high end of the typical total amount of time reasonably spent on entire Social Security cases in this district and circuit. See, e.g., Dixon v. Astrue, No. 5:06-CV-77-JG, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008) (noting the "typical EAJA fee application in social security cases claims [is] between thirty and forty hours" and reducing compensable hours in that case from 75 to 25); Sloan v. Colvin, No. 5:12-CV-388-D, 2013 WL 5674989, at *1 (E.D.N.C. Oct. 17, 2013) (holding that "request for $12,112.09 for 66.6 hours of work is far higher than the typical recovery

in similar cases and is excessive" and reducing to 30 compensable hours); Johnson v. Saul, No. 5:18-CV-00152-FDW, 2020 WL 6065308, at *3 (W.D.N.C. Oct. 14, 2020) (reducing requested award of 44.31 hours by 17 hours to 27.31 hours); Fryar v. Saul, No. 7:19-CV-198-RJ, 2021 WL 769664, at *4 (E.D.N.C. Feb. 26, 2021) (noting "[g]enerally, forty hours is the upper limit of a reasonable amount of time to spend on a social security case without complex issues," and finding 40.7 hours on brief reasonable); Lewis v. Kijakazi, No. 7:21-CV-69-FL, 2022 WL 2128558, at *2 (E.D.N.C. May 26, 2022) (reducing total compensable time from 57.1 hours to 45.1 hours).[2]

While this case is not as limited as defendant suggests, it is also not as novel and complex as plaintiff contends. On the one hand, contrary to defendant's argument, the factual issues in dispute in this case were moderately complex given the extended time period involved, three prior ALJ decisions, and the detailed discussion of the issues in the M&R. (See M&R (DE 17) at 2, 6-19). On the other hand, the legal analysis was not novel, and the transcript was of average length (1,169 pages, including only 647 pages of medical records). Moreover, attorney Phillips is an experienced practitioner, and Piemonte and Christine Latona of his firm represented plaintiff at the administrative level, suggesting a need to promote further efficiencies. (Phillips Aff. (DE 21-5); Tr. 3, 7, 16).

Therefore, taking into account a comparison of other Social Security cases involving an EAJA award, the total amount of time spent by attorney Phillips on the opening brief, 42.36 hours, is excessive and must be reduced in addition to the reduction for block billing. The court applies an additional 25 percent reduction on the remaining total due to excessive amount of time spent in

---

[2] Fifteen cases cited by plaintiff in her reply for comparison purposes are not as helpful, because they were all decided outside this circuit and prior to the Fourth Circuit's decision in Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002). (See Pl's Reply (DE 26) at 9-10). By contrast, the sole exception to this rule, Pruitt v. Comm'r of Soc. Sec., No. 5:20-CV-00055-RJC, 2022 WL 3205180 (W.D.N.C. Aug. 8, 2022), is a helpful comparison. There, the court awarded $10,517.91 for 50.2 hours of work, where "the administrative record contained over 3,000 pages of documents – the medical record alone contain[ed] 2,780 pages." Id. at *2.

proportion to the novelty and complexity of the case (42.36 hours – 25% (10.59 hours) = 31.77 hours).

A final entry related to the opening brief constitutes 1.9 hours spent by an additional attorney, Laura Beth Waller ("Waller"), on "review, edit, and finalize brief." (DE 21-2 at 2). Where attorney Philipps already spent time on "edit and proof brief," (id.), and where there is no evidence that Waller needed to repeat these tasks,[3] plaintiff has not demonstrated that all this additional time spent is reasonable and not redundant. Accordingly, the court reduces this entry by one hour to .9 hours to account for "redundant, or otherwise unnecessary" time. Hensley, 461 U.S. at 434. Total reduced time spent reasonably on the opening brief in its entirety thus is 32.67 hours.

The court next turns to time spent on the reply brief, which totals 12.3 hours, comprising 10.4 hours spent drafting and finishing the brief by attorney Philipps, plus 1.9 hours for "review, edit, and finalize" by attorney Waller. (DE 21-2 at 2). As an initial matter, the court disagrees with the characterization by defendant that the reply brief "is a recitation of the same arguments posed in the initial brief." (Def's Opp. (DE 25) at 10). It is not. In fact, plaintiff's reply brief addressed arguments made by defendant in opposition, and it pointed out issues not disputed by defendant. (See Pl's Reply (DE 16) at 2-3). Therefore, the court declines to reduce the hours attributed to drafting plaintiff's reply brief by Philipps. By contrast, 1.9 hours spent for "review, edit, and finalize" by attorney Waller is not reasonably justified where Philipps already spent time "finish[ing]" the brief. (DE 21-2 at 2). Therefore, the court again reduces by one hour this review time, resulting in a total 11.3 hours compensable time for the reply brief.

---

[3]  Cf. Pruitt, 2022 WL 3205180 *2 (noting that Piemonte was acting as "a supervisory attorney to review" work of Waller, who was characterized as a "subordinate attorney[.]"); see Phillips Aff. (noting over 20 years experience in Social Security disability cases and a 1985 law degree).

7

Finally, the court has reviewed additional arguments made by defendant for a reduction of time and finds that they do not warrant further reduction in hours beyond those already made. In balancing other factors in determining the fee award, the court also is cognizant that plaintiff was successful in obtaining remand on the basis of each of three issues she raised, albeit one of those only in part. (See M&R (DE 17) at 13-14). Likewise, the court notes plaintiff does not seek fees for the time spent drafting the reply in support of plaintiff's EAJA motion, and plaintiff already reduced her fee request for entries of a clerical nature. (See DE 21-2 at 1-2).

Accordingly, the court reduces 64.12 hours requested by a total of 17.33 hours, resulting in 46.79 compensable hours. Applying the applicable hourly rate, yields 2.5 hours at $234.95 ($587.38 for time periods in 2022), 43.97 hours at $244.95 ($10,770.45 for time periods in 2023), and .32 hours at $249.16 ($79.73 for time periods in 2024). This produces a total compensable EAJA fee award of $11,437.56, instead of the $15,662.50 requested.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA (DE 24) is GRANTED, with the amount limited to the extent set forth herein. In particular, the court AWARDS plaintiff $11,437.56 in fees under the EAJA. Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt plaintiff may owe to the United States. Defendant will determine whether plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to plaintiff and mailed to plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that plaintiff does not owe a federal debt, defendant will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees directly to plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

SO ORDERED this 15th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge